Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Eduardo Meléndez Velázquez<br><br>Acusado<br><br>Moshayra Vicente Cruz<br><br>Peticionaria | TA2026CE00328 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Criminal Núm.:<br>J VI2025G0016<br><br>Sobre: Infr. Art. 93 2do Grado CPPR<br><br>Hechos:<br>15/julio/2025 en Yauco, PR |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de marzo de 2026.

Comparece por derecho propio la señora Moshayra Vicente Cruz (Sra. Vicente Cruz), quien nos solicita la revisión de la Sentencia emitida el 6 de febrero de 2026[1], por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario). Mediante el referido dictamen, el foro primario absolvió al señor Eduardo Meléndez Velázquez (Sr. Meléndez Velázquez) de los cargos presentados en su contra, por entender que se configuraron los elementos de la legítima defensa, y existir duda razonable respecto a su culpabilidad.

Examinada la totalidad del expediente a la luz del estado de derecho vigente, desestimamos por falta de jurisdicción el recurso presentado por la Sra. Vicente Cruz, por los fundamentos que expondremos a continuación.

---

[1] Notificado el 13 de febrero de 2026.

## I.

Por hechos ocurridos el 15 de julio de 2025, el Ministerio Público radicó unas de denuncias en contra del Sr. Meléndez Velázquez, por violación al Art. 93 del Código Penal (2012), 33 LPRA sec. 5142, y el Art. 6.14(b) de la Ley de Armas de Puerto Rico (2020), 25 LPRA sec. 466m. Acontecidos los procedimientos que rigen nuestro sistema penal, el 5 de noviembre de 2025, el foro primario celebró la vista preliminar en alzada, al amparo de la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23. Evaluada la prueba presentada en dicha etapa, el TPI encontró que existía causa probable para acusar al Sr. Meléndez Velázquez, de conformidad con el Art. 93 del Código Penal (2012)[2], 33 LPRA sec. 5144, y el Art. 6.14(b) de la Ley de Armas de Puerto Rico (2020), *supra.*[3]

Luego, el foro primario celebró un juicio por tribunal de derecho. Tras examinar la prueba desfilada durante este proceso, el TPI emitió en corte abierta, el 6 de febrero de 2026, un fallo absolutorio, que posteriormente se recogió en las Sentencias notificadas el 13 de febrero de 2026.[4] En esencia, resolvió lo siguiente:

> *En base a la prueba presentada durante los días del Juicio en su Fondo y la totalidad de las circunstancias particulares de este caso, incluyendo los elementos del delito imputado y las defensas presentadas, este Tribunal entiende que se configuraron los elementos particulares de la Legítima Defensa y por consiguiente tiene duda razonable sobre la culpabilidad del señor acusado, por lo tanto absuelve al acusado del delito de Infracción Artículo 93 2do Grado del Código Penal[5]; decretando la cancelación y la devolución de la fianza, si alguna hubiere sido presentada en este caso.*[6]

---

[2] En cuanto a este precepto, el foro primario encontró causa probable para acusar al Sr. Meléndez Vázquez por asesinato en segundo grado y tentativa de asesinato en segundo grado.

[3] Véase, Apéndice del recurso de epígrafe, Anejo 5, a la pág. 7.

[4] Véase, Apéndice del recurso de epígrafe, Anejo 1, a las págs. 1-3. y Anejo 5, a las págs. 23-25.

[5] Precisamos que, el foro primario adoptó idéntico razonamiento respecto al cargo por infracción al Art. 6.14(b) de la Ley de Armas, *supra*, y en consecuencia, dictó un fallo absolutorio en cuanto a este particular.

[6] Véase, Apéndice del recurso de epígrafe, Anejo 1, a las págs. 1-3.

Inconforme, el 16 de marzo de 2026, la Sra. Vicente Cruz recurrió ante este Tribunal de Apelaciones mediante escrito intitulado Petición de *Certiorari*, en el cual esbozó los siguientes señalamientos de error:

> *Erró el Tribunal de Primera Instancia al emitir una sentencia absolutoria cuyo fundamento jurídico resulta internamente contradictorio, al invocar simultáneamente la doctrina de duda razonable y la causa de justificación de legítima defensa sin delimitar cuál de dichas doctrinas constituye la base jurídica de la absolución decretada, lo que constituye un error de derecho en la estructura jurídica de la determinación recurrida.*

> *Erró el Tribunal de Primera Instancia al aplicar incorrectamente las normas jurídicas que rigen la legítima defensa al utilizar dicha doctrina como fundamento para generar duda razonable, cuando la legítima defensa constituye una defensa afirmativa que requiere un análisis jurídico distinto al estándar de prueba de duda razonable constituyendo esto una incorrecta aplicación del derecho penal sustantivo.*

Presentado su recurso, el 19 de marzo de 2026, este foro intermedio apelativo dictó una Resolución, en la cual le concedió a la Oficina del Procurador General de Puerto Rico (Procurador General) un término a vencer el 30 de marzo de 2026 para someter su oposición.  En cumplimiento, el 27 de marzo de 2026, el Procurador General, en representación del Pueblo, radicó un escrito intitulado Comparecencia Especial.

**II.**

**A**.

Es norma reiterada que, "la jurisdicción es el poder de un tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022).  Por ello, "[p]ara adjudicar un caso, el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas". *FCPR v. ELA et al.,*

211 DPR 521, 530 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022). En vista de ello, "los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la tienen". *Pueblo v. Ríos Nieves, supra,* a la pág. 273; *Pérez Soto v. Cantera Pérez, Inc. et al,* 188 DPR 98, 105 (2013).

Por su trascendencia, la falta de jurisdicción no es susceptible de ser subsanada. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). Ello, pues, "cuando un tribunal dicta una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es inexistente o *ultravires*". *Pueblo v. Ríos Nieves, supra,* a las págs. 273-274. Por tanto, si determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos. *JJJ Adventure v. Consejo de Titulares y otros,* 2025 TSPR 123, 216 DPR ___ (2025); *Greene et als. v. Biase et als.,* 2025 TSPR 83, 216 DPR ___ (2025).[7]

**B.**

En nuestro ordenamiento jurídico, "[l]a doctrina de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente su jurisdicción". *Rivera et al. v. Torres et al.,* 214 DPR 111, 132 (2024); *Hernández, Santa v. Srio. de Hacienda, Santa,* 208 DPR 727, 738 (2022). A la luz de este principio, la jurisdicción de los tribunales está delimitada a los casos que sean justiciables. Es decir, los foros judiciales solo pueden adjudicar controversias reales y vivas, en las cuales existan partes con intereses encontrados, cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica. *Buxó Santiago v. ELA et als.,* 2024

---

[7] La Regla 83 (C) del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), nos faculta a desestimar, por iniciativa propia, el recurso presentado en ausencia de jurisdicción.

TSPR 130, 215 DPR ___ (2024).  Véanse, también, *Lozada Tirado et al. v. Testigos de Jehová*, 177 DPR 893, 908-909 (2010); *ELA v. Aguayo*, 80 DPR 552, 584 (1958).

No obstante, una controversia no es justiciable cuando una de las partes carece de legitimación activa.  *Ramos, Méndez v. García García,* 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017).  En armonía con lo anterior, el principio de justiciabilidad impone el deber de evaluar si una parte reclamante tiene legitimación activa para incoar cierta acción legal.  *Hernández, Santa v. Srio. de Hacienda,* supra, a las págs. 738-739; *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992).  En esencia, la legitimación activa es la capacidad que se le requiere a la parte reclamante de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante. *DACO v. LUMA y otros,* 2025 TSPR 126, 216 DPR ___ (2025); *Rivera et al. v. Torres et al.*, *supra,* a la pág. 133 (citando a *Hernández, Santa v. Srio. de Hacienda, supra,* a la pág. 739).  Al amparo de esta doctrina, la parte demandante debe demostrar que tiene un interés en el pleito de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia.  *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 371 (2002); *Hernández Agosto v. Romero Barceló,* 112 DPR 407, 413 (1982).

Por tanto, quien solicita un remedio judicial, de ordinario, debe demostrar que: (1) sufrió un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una relación causal razonable entre el daño y la acción ejercida; y (4) la causa de acción surge al palio de la Constitución o de una ley. *DACO v. LUMA y otros, supra.*  Véase, también, *Bhatia Gautier v. Gobernador, supra,* a las págs. 68-69.  Sobre este análisis, el

Tribunal Supremo de Puerto Rico ha reconocido su pertinencia, según se discute a continuación:

> *[E]l examen de la legitimación activa es un mecanismo usado por los tribunales para delimitar su propia jurisdicción y no adentrarse en los dominios de otras ramas de gobierno, y no lanzarse a resolver cuestiones hipotéticas o planteadas dentro de un contexto inadecuado. Hernández, Santa v. Srio. de Hacienda, supra, a la pág. 739; Hernández Torres v. Hernández Colón et al., 131 DPR 593, 598 (1992).*

Ahora bien, al momento de evaluar la existencia de legitimación activa los tribunales deben auscultar si inicialmente la Asamblea Legislativa la ha otorgado por la vía estatutaria. *Rivera et al. v. Torres et al., supra,* a la pág. 133.  No obstante, en ausencia de un estatuto que confiera legitimación activa a ciertas personas, le corresponde al litigante demostrar que tiene acción legitimada para acudir al foro judicial, de conformidad a los requisitos aquí discutidos. Véase, *Hernández Torres v. Gobernador,* supra, a la pág. 835.

### C.

Como es sabido, "[e]n nuestra jurisdicción existe el derecho de toda persona acusada a apelar cualquier sentencia penal que recaiga en su contra". *Pueblo v. Torres Medina, supra,* a la pág. 959; *Pueblo v. Serbiá,* 78 DPR 788, 791-792 (1955).  Aunque este derecho no se reconozca expresamente en nuestra Carta Magna, forma parte del debido proceso de ley, y adquiere una categoría cuasiconstitucional una vez incorporado al sistema de justicia pública por acción legislativa.[8]  *Pueblo v. Rivera Ortiz,* 209 DPR 402, 420 (2022); *Pueblo v. Prieto Maysonet,* 103 DPR 102, 106 (1974).  Ahora bien, tal derecho está disponible únicamente

---

[8] Cónsono con lo discutido, las Reglas 193 y 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 193 y 194, viabilizan el trámite que faculta a la persona acusada a solicitar revisión a nivel apelativo.  Ambas disposiciones reglamentarias contemplan que el término de 30 días para recurrir a nivel apelativo empieza a transcurrir desde que se emite el dictamen.  No obstante, las aludidas reglas, a su vez, precisan que cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia o la resolución, el término se calculará a partir de ese momento.

para la persona acusada. *Pueblo v. Torres Medina, supra,* a la pág. 959. Lo anterior responde a que "[e]n nuestro sistema judicial, el derecho a apelar es un derecho estatutario y no constitucional, por lo que le compete a la Asamblea Legislativa determinar si las partes tendrán derecho a invocar la jurisdicción apelativa de los tribunales". *Pérez Soto v. Cantera Pérez, Inc. et al, supra*, a la pág. 104.

Por otro lado, −aunque vinculado con lo aquí expuesto− es menester explicar que, la Oficina del Procurador General ostenta la facultad de representar al Pueblo de Puerto Rico, a nivel apelativo, en aquellas instancias permitidas por nuestra Constitución y leyes aplicables, en lo concerniente a los casos criminales, según lo dispone el Art. 60 de la Ley Orgánica del Departamento de Justicia, Ley Núm. 205 2004, 33 LPRA sec. 294, según enmendada.[9] Sin embargo, dicha facultad, como norma general, suele estar limitada por una serie de consideraciones constitucionales, según discutiremos en el próximo apartado.

**D.**

En virtud de nuestro ordenamiento constitucional, ninguna persona será puesta en riesgo de ser castigada dos veces por el mismo delito. Véanse, Art. II, Sec. 11, Const. PR, LPRA, Tomo 1; Emda. V, Const. EE. UU., LPRA, Tomo 1. Esta protección contra la doble exposición evita que el Estado, con todos sus recursos y poderes, abuse de su autoridad y hostigue a un ciudadano con múltiples procedimientos al intentar conseguir su convicción por la comisión de una misma conducta delictiva. *Pueblo v. Toro*

---

[9] En cuanto a este particular, el inciso (a) del Art. 60 de la Ley Orgánica del Departamento de Justicia, *supra*, lee de la siguiente manera:

*(a) El Procurador General representará al Estado Libre Asociado en todos los asuntos civiles y criminales en que éste sea parte o esté interesado y que se tramiten en grado de apelación o en cualquier otra forma ante los tribunales apelativos de Puerto Rico, de los Estados Unidos, o de cualquier otro estado federado, territorio o posesión de los Estados Unidos de América, excepto en los casos en los cuales el Secretario determine otra cosa.* 33 LPRA sec. 294.

*Martínez*, 200 DPR 834, 843 (2018); *Ohio v. Johnson*, 467 US 483, 498-499 (1989). Véase, también, *Pueblo v. Torres Irizarry*, 199 DPR 11, 20 (2017).

Así, se salvaguarda al ciudadano de sufrir la incertidumbre de que, aun siendo inocente, pueda ser encontrado culpable en cualquier momento. *Pueblo v. Torres Irizarry, supra,* a la pág. 20; *Pueblo v. Santiago*, 160 DPR 618, 627-628 (2003). En armonía con lo anterior, nuestro Alto Foro ha establecido que la protección contra la doble exposición se activa en las siguientes circunstancias:

> *Según hemos reconocido, esta protección se activa en cuatro escenarios, a saber, contra: (1) la ulterior exposición tras la absolución de la persona por la misma ofensa; (2) la ulterior exposición tras la condena por la misma ofensa; (3) la ulterior exposición tras la exposición anterior por la misma ofensa, porque comenzó el juicio, aunque no culminó en la absolución ni en la condena del acusado, y (4) los castigos múltiples por la misma ofensa. Es decir, esta protege contra castigos múltiples, así como procesos múltiples y sucesivos. Pueblo v. Toro Martínez, supra, a la pág. 844; Pueblo v. Santiago, supra, a la pág. 628.*

No obstante, la aplicación de esta garantía requiere, además, que medien las siguientes circunstancias, a saber: (1) que los procedimientos celebrados en contra de la persona sean de naturaleza penal; (2) que se haya iniciado o celebrado un primer juicio mediante un pliego acusatorio válido y en un tribunal con jurisdicción, y (3) que el segundo proceso al cual se somete al individuo tiene que ser por el mismo delito o uno menor incluido por el cual ya fue, expuesto, convicto o absuelto. *Pueblo v. Torres Irizarry, supra,* a las págs. 20-21; *Pueblo v. Santiago, supra,* a la pág. 628.

En consideración al recurso presente, conviene recordar que, el Tribunal Supremo federal ha reconocido que no es revisable un fallo absolutorio, aun cuando este resulte erróneo. *Evans v. Michigan,* 568 US 313, 318 (2013); *United States v. Ball*, 163 US

662, 671 (1896).[10]   De manera similar, el Tribunal Supremo de Puerto Rico en *Pueblo v. Toro Martínez, supra,* a la pág. 849, precisó que un dictamen de no culpabilidad o un fallo absolutorio impide un subsiguiente procedimiento por más erróneo que resulte:

> *Ciertamente, la Corte Suprema de Estados Unidos ha reconocido que el dictamen de "no culpable" o absolutorio constituye un impedimento para que un foro revisor revoque la determinación y ordene la celebración de un nuevo juicio por el delito que fue absuelto. De hecho, está firmemente establecido que el fallo o veredicto absolutorio, por más erróneo que resulte ser, impide un subsiguiente procesamiento por el mismo delito.*

En esa línea, **nuestro Alto Foro puntualizó que "si el Estado no obtuvo en el foro de instancia un fallo o veredicto de culpabilidad del acusado, son impermisibles procesos subsiguientes a la absolución en los méritos para asegurar una convicción".** ***Íd.,* a la pág. 853; *Smith v. Massachusetts,* 543 US 462, 467 (2005)**. Al amparo de esta garantía, se evita que el Estado, habiendo ya aprendido en el primer juicio las fortalezas de la defensa y las debilidades en su propio caso, utilice esta información para su beneficio en un segundo juicio. *Pueblo v. Santos Santos,* 189 DPR 361, 367 (2013); *Pueblo v. Santiago, supra,* a la pág. 628. Así, también, como expusimos inicialmente, se "pretende evitar que el Estado abuse de su autoridad y someta a un ciudadano a múltiples procedimientos intentando conseguir su convicción por la comisión de una misma conducta delictiva". *Pueblo v. Torres Irizarry, supra,* a la pág. 20; *Pueblo v. Santiago, supra,* a la pág. 627.

### III.

En el recurso presente, la Sra. Vicente Cruz señala que cumple con el criterio de legitimación activa para comparecer ante

---

[10] En específico, en *Evan v. Michigan, supra,* se reiteró la siguiente normativa, previamente establecida en *United States v. Ball, supra*: "*a mistaken acquittal is an acquittal nonetheless, and we have long held that "[a] verdict of acquittal … could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution".*

este Tribunal de Apelaciones, en calidad de viuda del occiso y víctima indirecta del delito que originó el proceso legal. En cuanto a sus argumentos principales, sostiene que el foro primario incidió al aplicar simultáneamente las normas jurídicas de legítima defensa y duda razonable, y en consecuencia, dictar el fallo absolutorio del Sr. Meléndez Velázquez. Por ende, argumenta que tal razonamiento constituye un error de derecho susceptible de revisión apelativa.

Por su parte, el Procurador General manifiesta que lamenta y reconoce el profundo dolor que han experimentado la Sra. Vicente Cruz, así como sus familiares, durante el procedimiento judicial. No obstante, puntualiza que, el Procurador General es quien goza de autoridad legal para representar al Pueblo de Puerto Rico, a nivel apelativo, en todos los asuntos criminales, según lo dispone el Art. 60 de la Ley Orgánica del Departamento de Justicia, *supra*. En vista de ello, aduce que "la referida función no recae sobre las víctimas de los delitos".[11] Por último, indica que no recurrió del fallo absolutorio, en referencia al caso *Pueblo v. Toro Martínez*, 200 DPR 834, 849 (2018).

De entrada, establecemos que, nuestro ordenamiento jurídico reconoce el principio fundamental del acceso a los tribunales. Véanse, el Art. 1.002 de la Ley de la Judicatura de Puerto Rico, Ley 201-2003, según enmendada, 4 LPRA sec. 24a. Regla 2.1 del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Al amparo de lo anterior, debemos cumplir nuestro quehacer judicial sin menoscabar los derechos sustantivos y procesales de las personas. Ahora bien, este principio no implica que los foros judiciales ostentamos una autoridad ilimitada para dilucidar todo

---

[11] Véase, escrito intitulado Comparecencia Especial del Procurador General, a la pág. 3.

asunto que se presente ante nuestra consideración. Al contrario, estamos llamados a asumir la jurisdicción solo en aquellos contextos en los cuales exista una controversia justiciable, y la parte reclamante exhiba adecuadamente que cumplen con los criterios de legitimación activa. Véanse, *Ramos, Méndez v. García García, supra*, a la pág. 394; *Bhatia Gautier v. Gobernador, supra*, a la pág. 69.

A luz de lo discutido, nos corresponde examinar si la Sra. Vicente Cruz ostenta legitimación activa para radicar el recurso presente a nivel apelativo. Tras un análisis cuidadoso de su escrito, a tenor con el derecho vigente, contemplamos que la promovente del recurso compareció al proceso de naturaleza penal, ventilado ante el foro primario, en calidad de testigo, y no como parte. Ante tales circunstancias, colegimos que **la Sra. Vicente Cruz no cumple con los criterios requeridos de legitimación activa para comparecer ante nos en calidad de litigante, realizar con eficacia actos procesales, y obtener una sentencia vinculante por parte de este Tribunal de Apelaciones. Véanse, *DACO v. LUMA y otros, supra*; *Rivera et al. v. Torres et al., supra*, a la pág. 133 (citando a *Hernández, Santa v. Srio. de Hacienda, supra,* a la pág. 739).**

**De conformidad con lo anterior, puntualizamos que, es la Oficina del Procurador General, quien goza de la autoridad legal para representar al Pueblo de Puerto Rico a nivel apelativo en las instancias que así proceda, de conformidad con el Art. 60 de la Ley Orgánica del Departamento de Justicia, *supra.* Igualmente, precisamos que, en casos criminales, el derecho a apelar un dictamen está disponible únicamente para la persona acusada. Véase, *Pueblo v. Torres Medina, supra,* a la pág. 959. En vista de ello, determinamos que la Sra. Vicente Cruz no tiene legitimación activa para**

**presentar el recurso de epígrafe ante este foro intermedio apelativo.**

No obstante, somos conscientes de que existe otro fundamento que nos imposibilita asumir la jurisdicción para revisar el dictamen aquí impugnado. Por lo que, debemos pronunciarnos al respecto. **Advertimos que, los fallos absolutorios no son revisables por más erróneos que resulten ser. Véase,** ***Pueblo v. Toro Martínez, supra,*** **a la pág. 849. En ese sentido, "si el Estado no obtuvo en el foro de instancia un fallo o veredicto de culpabilidad del acusado, son impermisibles procesos subsiguientes a la absolución en los méritos para asegurar una convicción".** ***Íd.,*** **a la pág. 853;** ***Smith v. Massachusetts, supra,*** **a la pág. 467.** Así pues, esta limitación, que dimana de nuestra Constitución, pretende evitar que el Estado someta a un ciudadano a múltiples procedimientos intentando conseguir su convicción por la comisión de una misma conducta delictiva. *Pueblo v. Torres Irizarry, supra,* a la pág. 20; *Pueblo v. Santiago, supra,* a la pág. 627.

En virtud de este razonamiento, concluimos que carecemos de jurisdicción, por consiguiente, desestimamos el recurso presentado por la Sra. Vicente Cruz, de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

### IV.

Por los fundamentos que anteceden, los que hacemos constar parte de esta Resolución, desestimamos el recurso presentado por la Sra. Moshayra Vicente Cruz, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones